IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MICHAEL WILLIAMS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:26-CV-1675-L-BN** |
| | § | |
| **EQUIFAX and FIRST BUILDERS FINANCIAL, LLC,** | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On October 23, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 8) was entered, recommending that the court dismiss without prejudice this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute and comply with a court order. Specifically, Plaintiff did not respond to the magistrate judge's June 11, 2026 deficiency order (Doc.6) or the extended September 1, 2026 deadline for him to pay the case filing fee. Plaintiff was ordered to pay the filing fee because the magistrate judge was unable to find that requiring him to pay the $405 filing fee would cause undue financial hardship. The Report also warned Plaintiff that his failure to timely comply with the deficiency order and deadline for paying the filing fee could result in the dismissal of this action under Rule 41(b). Plaintiff did not object to the magistrate judge's order (Doc. 6) or seek a further extension of the most recent deadline set by the magistrate judge to pay the filing fee. Additionally, no objections to the Report were filed, and the 14-day deadline for filing objections has expired.

Having considered the file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses without prejudice** this action pursuant to Rule 41(b) for

failure to prosecute and comply with a court order and **denies as moot** Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 4) and Plaintiff's Motion for Alternate Service (Doc. 5)

The court prospectively **certifies** that any appeal of this action by Plaintiff would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **incorporates by reference** the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court concludes that any appeal of this action by Plaintiff would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion or motions to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 25th day of November, 2026.

Sam A. Lindsay
United States District Judge